The court will proceed to the case of Webster v. Bayview Loan Servicing. Ms. Kilbride. Good morning. May it please the court. Bayview Loan Servicing made a settlement offer that Delia Webster did not accept. This unaccepted settlement offer did not end the Article III case or controversy or deprive the District Court of subject matter jurisdiction. That much is established by this court's August 6 decision in Chapman v. First Index and at a minimum requires reversal and remand. The only question remaining from our perspective is whether in the course of that reversal and remand this court should provide any guidance on what should happen to the class action allegations that Ms. Webster sought to introduce by way of filing a motion for leave to amend her complaint. The District Court denied her motion to amend as moot and denied all pending motions as moot, but those denials flowed from her erroneous granting of Bayview's motion to dismiss the entire case. So the first thing that should happen on remand is that Ms. Webster should have an opportunity to defend her motion for leave to amend on its merits under the standards of Rule 15 that motion to amend be freely given when justice so requires. And in assessing what justice requires and in looking at the sequence of events in this litigation, there are several significant factors that stem from the fact that the proposed amendments sought to add class action allegations and challenge Bayview's conduct not only as it affected Ms. Webster but as it affected similarly situated recipients of unwanted and unconsented to auto-dialed phone calls under the Telephone Consumer Protection Act and illegal debt collection under the FDCPA. It's significant that Bayview's first effort to settle this case, its settlement offer, was made one month after Ms. Webster sought to amend her complaint to include class allegations. And only four days after making that settlement offer, before it even lapsed under the terms of the offer, the offer stated that it would remain open for one week. But four days later, Bayview moved to strike Ms. Webster's motion for class certification and moved to dismiss her entire case as moot under Rule 12b-1. So in a sense, in essence, what Bayview was doing transparently was what this court referred to in Chapman as attempting to decapitate the class. And a long line of precedents predating Chapman indicate that that attempt to decapitate the class should not succeed. For example, in Grites v. Household Bank, the court stated that an offer of complete relief, which just to bracket Ms. Webster contends that the offer that was made to her in June of 2014 was not an offer of complete relief. It was a conditional and incomplete offer of relief. But even an offer of complete relief, this court said in Grites, an offer to the named plaintiff will not moot an action once class certification is sought and the existence of other plaintiffs has been announced. Ms. Webster announced to Bayview and to this court that she believed other potential plaintiffs existed and that she intended to represent the interests of those other potential plaintiffs through a motion for class certification and through an amended complaint that asserted class claims. The fact that the district court chose not to rule upon either her motion for class certification or the motion for leave to amend was not within Ms. Webster's control. She did everything that she could do to put the court on notice, to put the parties on notice of her intent to pursue this action on a class-wide basis. And all of the decisions, both the decisions cited in our briefs and the decisions cited in Bayview's brief, turn upon that distinction of when the plaintiff and the proposed class representative puts the court on notice of her intent to pursue the case on a class-wide basis. So from pre-max recoveries versus Sevilla to McMahon versus LVNB funding, the cases that we cited, and even the cases that defendants cited, Turek versus General Mills, Gates versus City of Chicago. All of those cases turn on the distinction of whether the plaintiff had sought class-wide relief. So Ms. Webster sought class-wide relief, she made that announcement, and the conduct of Bayview in immediately seeking to cut off that class before any determination could be made on the merits deprived Ms. Webster of her right to pursue her litigation and deprived the other individuals who we contend were injured by Bayview's pattern of illegal conduct in violation of the TCPA and the FDCPA from having a determination made by the district court on the merits of whether the prerequisites for class certification were met and whether their claims could be decided on a class-wide basis. So all we ask is that this court follow the precedent of Chapman, remand the case because jurisdiction does exist. An offer that was not accepted does not deprive the court of jurisdiction. Ms. Webster still has claims for statutory damages under both statutes. She has claims for actual damages. She has claims for injunctive relief and declaratory relief, none of which have been ruled upon on the merits. And the district court should rule upon those individual claims on the merits in the first instance. No unaccepted and incomplete offer of relief, such as that made here by Bayview, can deprive the court of jurisdiction. And with respect to the potential class claims, the district court should decide in the first instance whether Ms. Webster has met the standards under Rule 15a2 for seeking a leave of court to amend her complaint. We believe she has, but that's a question for the district court to answer in the first instance upon remand. And I'll reserve the balance of my time for a moment. Thank you, Ms. Gilbride. Mr. Glass. Good afternoon, Your Honors, and may it please the court. The district court was correct to dismiss Ms. Webster's individual claim when Bayview made an offer of full relief to her, which she rejected. This case really picks up on this court's discussion in Chapman v. First Index where that discussion left off with some important distinctions, which I will get to. In Chapman, Chapman was brought as a class action. The plaintiff received a Rule 68 offer of judgment, which they rejected. In this case, it was initiated as an individual class, and in no time was a class action complaint ever docketed. And Bayview made a tender of full relief, which the plaintiff rejected. Now, Chapman ruled that that case was moot when the plaintiff rejected the Rule 68 offer. And as Chapman noted, that's a question that's currently up before the Supreme Court in the Campbell-Ewald v. Gomez case. But Chapman went on to suggest that, quote, rejecting a full compensatory offer may have consequences other than mootness. And as the court held in Grice v. Household Bank, you cannot persist in suing after you've won. And on the record before the court, the court can determine what those ramifications of the rejection of the offer are. None of this has been briefed. I don't think we can make those determinations without briefing. Well, the record is complete as to an alternative. We need at least some briefing on the other consequences that you're invoking. And this was rank dicta, as far as I'm concerned, anyway. So, you know, to rely on that without any briefing whatsoever and without the district court having passed on the question in the first instance, as a reason to affirm a jurisdictional dismissal is just completely wrong procedurally and on the merits. And Bayview did request the opportunity, if the court wanted, to submit supplemental briefing on Chapman in its Rule 28J letter that it submitted to the court. Right, but this dicta from Chapman about other consequences and affirmative defenses that might be raised, etc., have nothing to do with a jurisdictional dismissal. Those would all be merits dismissals, and we just can't bring those in at this late stage of the case. You've got to litigate that in the district court in the first instance. Well, to preserve our record on this point, I believe that because we have a unique procedural posture in this case, which is Bayview made a motion to dismiss a factual challenge to the jurisdiction of the court under Rule 12B1, and in response the plaintiff had to submit whatever evidence she had at that time to show that there were facts that the offer of full relief did not provide her with full recompense. That issue is gone. Chapman is squarely against you on this. The offer doesn't moot the controversy. The jurisdictional dismissal was in error, and the case has to go back for development of any merits issues. And we're not disputing that Chapman resolved the mootness question. There are two points. One is the record supports the idea that there are other consequences to the rejection of the offer, and there is a full record on which this court could examine those other consequences, such as in the nature of an estoppel or a waiver of claims. And because the record is complete, the court can make its own legal determination. That's really the question that is left, only a legal determination. There's no need for further factual development. How can the record be complete on something that wasn't litigated? Because with all due respect, Your Honor, it was litigated, which was the result of Ms. Webster's response to the Rule 12b-1 motion, where she was obligated to come forward with any evidence that she might have had to show that the offer of relief didn't provide her with full recompense. We've got a motion to amend the complaint to bring in class claims pending. That changes the equation here. The court has never ruled on that. The reason why the district court denied abuse at its discretion in not reaching that motion is that it would have been futile. And this is why it's important for this court to consider the guidance that Chapman was providing. Because the record showed that there was nothing more that Ms. Webster could have received in response beyond what Bayview's offer was to her, and that's because she didn't respond with any evidence showing that she was entitled to any further TCPA or FDCPA relief. It would have been futile at that point for the court to allow the motion for relief to amend, and that's because we posit that— I think you're misreading this dicta, Counsel. The dicta clearly says that if there's a putative class action, the case should probably be allowed to continue, and certainly subject to the litigation of these other consequences. And the rest of the dicta talked about individual claims. And this case remained an individual case at all times. It was subject to a motion to amend, which the court may grant, making it a class action, and then it were in different territory. There is no case—so some courts have suggested that a plaintiff has a separate right from her individual claims once the case is brought as a class action. No court has ever held that the mere contemplation of bringing a class action gives that plaintiff, invests in that plaintiff the same right as someone who has actually docketed a complaint. And for that reason, Chapman and the guidance that was provided in Chapman, I believe, is more than, with all due respect, more than dicta, because the Chapman plaintiff was someone who brought the case as a class action. They fit into the category of plaintiffs that was described in the U.S. Parole Commission versus Garrity, which is a plaintiff has the right to continue to act as a named plaintiff where class certification was denied. That is so that they can affect an appeal of the denial of class certification. And so in that way, Chapman recognized that that plaintiff continued to have invested in him the right to continue on and represent a class, and that's why it wasn't a purely individual case. But in this instance, that proposed amended complaint had never been docketed. Ms. Webster had never been invested with that right, which, according to no court has ever held, that just proposing a class complaint invests the plaintiff with that right. And so it remained an individual case. And I would posit, actually, Judge Easterbrook has drawn in his opinions on mootness a distinction between mootness and a lack of Article III controversy. And Chapman suggests that where it's an individual case and the plaintiff receives everything to which she's entitled and more, that the plaintiff, there is no continuing controversy. And so from a jurisdictional perspective, this case is over. It's not over because of a question of mootness, which looks at the question of whether the court can offer relief, but it's moot from the point of view that there is no continuing Article III controversy. No, that's exactly the opposite of what Chapman held. Chapman held that the controversy continues to exist. There is no Article III problem. It's not a jurisdictional impediment to proceeding with the case or a jurisdictional flaw. It's a question of some, maybe, potential affirmative defenses, but we don't know for sure. With respect, Your Honor, Chapman found that there was a continuing controversy because of the existence in that particular plaintiff of an ongoing interest in representing a class, which never existed for this plaintiff. Her individual claim was also a live controversy, despite the expired and unaccepted offer of relief. If her individual claim lacked jurisdiction, then the case could not proceed as a class action. You're misreading the opinion. And I would, just to address one of the points that counsel made for plaintiff, if the court is to review the completeness of the offer, there is no question that because of the burden placed on the plaintiff to offer evidence in response to a Rule 12b-1 motion, that both the TCPA case, which the Damasco v. Clearwater are holding, to the extent it found an offer on a TCPA claim, offered full relief, is still good law. And she came forward with no evidence of her actual damages or that the $7,500 offered to her didn't provide full recompense on her FDCPA claim, which I will note for the court she never sought to bring as a class action. And so for these reasons, we ask that the court affirm the dismissal of the case by the district court. Thank you very much, Your Honor. Thank you, Mr. Clarkson. Ms. Kilberg. Just to very briefly address the last point that counsel made regarding whether the offer afforded full relief, with respect to the TCPA claim, the offer differed from the offers in Damasco and Martin in that it asked plaintiff's counsel to document, provide records to document each of the calls made to Ms. Webster's cell phone and also specifically disclaimed liability, disclaimed that any of Bayview's calls had violated the TCPA. So whether or not if she had gone down that road and provided documentation, they then would have contested whether any of those particular calls had been made. We don't know. She didn't accept the offer, but it on its face differed from the Damasco offer, which simply asked for a number of calls and multiplied that number of calls by $1,500 per phone call. And then with respect to the FDCPA claims, again, the district court improperly made a fact finding or made a merits determination that the claim of relief was adequate to establish the damages to which Ms. Webster was entitled under the FDCPA. There was no hearing held to establish those facts, and that is an impermissible reaching of the merits prior to dismissing for lack of jurisdiction. As this court found in Smith versus Graystone Alliance in 2014, this court stated a court can't decide the merits and then dismiss for lack of jurisdiction, and that is essentially what the district court did here, which was improper. If there are no other questions, I would simply ask again that the court reverse the grant of the motion to dismiss and remand for a determination on the merits as to Ms. Webster's motion for leave to amend. All right. Thank you, Ms. Gilbride. Thank you. Ms. Glass, all counsel. And the case was taken under advisement. The court will stand in recess. Thank you. Thank you.